to the flat, and it also appeared that he refused to turn over the keys on the next day after he moved out, but returned them by mail so that plaintiff did not receive them until two days thereafter, and it did not appear that defendant denied that he was at the premises in the interim between the time he moved out and the time plaintiff received the keys by mail, from which fact a reasonable inference would arise that the damage was deliberately committed either by the defendant himself or by some one for whose acts he was responsible.

2. EVIDENCE, § 40*—*when failure to deny material fact raises presumptive evidence would be unfavorable.* There is a well-established principle of law that where a fact material to the issue is within the knowledge of one of ,the parties to a lawsuit, the failure to disclose such fact, when the opportunity is offered, gives rise to the presumption that the evidence would have been unfavorable.

---

### George W. Reddig et al., Copartners, trading as Reddig Company, Defendants in Error, v. Norman Friedenwald, Plaintiff in Error.

### Gen. No. 19,493.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1914.   Affirmed.   Opinion filed December 31, 1914.

### Statement of the Case.

Action by George W. Reddig, R. R. Reddig and F. O. Reddig, copartners, trading as Reddig Company, against Norman Friedenwald to recover for work and materials furnished to the defendant. The trial was before the court without a jury. To reverse a judgment entered on a finding in favor of plaintiff for $161.48, defendant prosecutes a writ of error.

SIDNEY N. WARE, for plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BENNER & WELD, for defendants in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

PRINCIPAL AND AGENT, § 181*—*when finding that defendant acted in capacity of principal warranted by evidence.* In an action to recover for work and materials furnished where the only issue in the case was whether the defendant when ordering the material acted in the capacity of principal or agent, a finding in favor of plaintiff *held* warranted by the evidence, it appearing that there were but two witnesses, one for each of the parties, and that the trial court found against the contention of defendant.

---

### Simeon P. Shope et al., Copartners, trading as Shope, Zane, Busby & Weber, Appellees, v. Henry D. Laughlin, Appellant.

### Gen. No. 19,637.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by Simeon P. Shope, John M. Zane, Leonard A. Busby and Harry P. Weber, copartners, trading as Shope, Zane, Busby & Weber, against Henry D. Laughlin for services rendered to defendant by plaintiffs as attorneys and for money advanced, and also for services rendered and money advanced by a firm to whose business the plaintiffs succeeded. A trial was had before the court and a jury and a verdict was returned in favor of plaintiff for five thousand dollars. To reverse the judgment, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.